"Plaintiff, a non-career reserve general medical officer in the Air Force, brought this action to recover the sum of $12,000 in variable incentive pay (VIP) pursuant to 37 U.S.C. 313 (Supp V, 1975) and Department of Defense directive 1340.11 issued pursuant thereto. The case is before the court on the parties’ cross-motions for summary judgment, and we have concluded that under the undisputed facts, the plaintiff has not stated a claim upon which this court can grant relief and the case may be disposed of on the motions.
37 U.S.C. 313(a) provides, in pertinent part, as follows:
(a) Under regulations prescribed by the Secretary of Defense or by a Secretary of Health, Education and Welfare, as appropriate, and approved by the President, an officer of the Army or Navy in the Medical Corps, an officer of the Air Force who is designated as a medical officer, or a medical officer of the Public Health Service, who
(6) executes a written active duty agreement under which he will receive incentive pay for completing a specified number of years of continuous active duty subsequent to executing such an agreement;
may, upon acceptance of the written agreement by the Secretary concerned, or his designee, and in addition to any other pay or allowances to which he is entitled, be paid an amount not to exceed $13,500 for each year of the active duty agreement. * * *
*740 "Plaintiff entered the Air Force on July 21, 1971 for initial active duty obligation of 2 years. Thereafter, plaintiff entered into a Specified Period of Time Contract (SPTC) whereby he agreed to extend his period of active duty for a 36-month overseas tour with an established date of separation of July 22, 1975. By letter of September 30, 1974, plaintiff submitted an application for variable incentive pay (VIP) whereby he agreed to remain on active duty for 1 year from that date in consideration of his receiving VIP. On the same date, September 30, 1974, plaintiff also submitted a Specified Period of Time Contract whereby he offered to agree to remain on active duty until October 1, 1975. If this last SPTC had been accepted, plaintiffs date of separation would have been extended by 2 months and 9 days. By letter of October 21, 1974, the VIP agreement and the SPTC were returned with the statement that they were not validated and were disapproved. The letter read in part as follows:
2. Current Air Force policy requires an SPTC of at least six months duration if submitted specifically for the purpose of attaining VIP eligibility. Request for exception to the above stated policy will be considered if it can be justified as being in the best interests of the Air Force.
"On November 8, 1974, plaintiff wrote requesting that his request for a change in his date of separation to October 1, 1975 and his eligibility for VIP be reconsidered, but his request for reconsideration was denied December 12, 1974, with the statement that the SPTC which he submitted September 30, 1974 would not have extended his date of separation for the additional 6 months required by Air Force policy.
"On March 24, 1975, the Air Force changed its policy by reducing the minimum of time for a VIP-related SPTC from 6 months to 1 month. Thereafter on May 15, 1975, plaintiff requested that his original SPTC and VIP agreement be again reconsidered. His original SPTC was thereafter considered by a board of senior medical officers on July 11, 1975 and the board, for reasons which they considered in the best interests of the Air Force, denied the application for reconsideration and plaintiff was so advised on July 22, 1975.
*741 "It is clear from the statute which is quoted above that an indispensible prerequisite to plaintiffs entitlement to relief is a showing that his Specified Period of Time Contract was accepted by the Secretary of the Air Force or his designee. Since plaintiffs STPC was never accepted, there is no authority for the court to grant his claim for money damages. United States v. Testan, 424 U.S. 392 (1976).
"The SPTC which plaintiff submitted was subject to approval or disapproval by the authority designated by the Air Force, which was under no obligation to keep plaintiff on active duty for a sufficient period of time which would enable him to obtain eligibility for VIP. Under the provisions of 10 U.S.C. 681, he could be Released from active duty at any time within the sound discretion of the Air Force. See, Abruzzo v. United States, 206 Ct. Cl. 731, 513 F.2d 608 (1975).
"In view of the applicable statutes and regulations in force at the time, we have also concluded that there was no abuse of discretion in denying plaintiffs requests for reconsideration, particularly in view of his failure to show eligibility for VIP.
"it is therefore ordered that defendant’s cross-motion for summary'judgment is granted; plaintiffs motion for summary judgment is denied, and plaintiffs petition is dismissed.
"On March 31, 1977, plaintiff submitted to defendant a list of interrogatories to be answered by the Department of the Air Force within 30 days, and defendant has filed a motion for a protective order asking that the discovery sought by the interrogatories be held in abeyance pending the court’s action on the motions for summary judgment. We have examined the interrogatories and in view of our conclusions as stated above, we find that even if the interrogatories were answered favorably to plaintiff, the answers would add nothing to his right to recover.
"it is therefore further ordered that defendant shall not be required to answer the interrogatories.”
Plaintiffs motion for rehearing and suggestion for rehearing en banc were denied June 24, 1977.